Edmund Enriquez - SID# 13217607
Snake River Correctional Institution
777 Stanton Blvd.
Ontario, Oregon 97914-8335

FILED 8 MAR '21 11:00USDC-ORP

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| EDMUND ENRIQUEZ,<br>                          Petitioner,<br><br>vs.<br><br>BRAD CAIN, Superintendent,<br>Snake River Correctional Institution,<br>                          Defendant. | Case No. 2:21-cv-00359-SI<br><br>Petition for Writ of Habeas Corpus<br>by a person in State custody<br>pursuant to 28 U.S.C. §2254 |

### CONVICTION UNDER ATTACK

1. Name and location of the court which entered the judgment of conviction being challenged: **WASHINGTON COUNTY CIRCUIT COURT, OREGON**

2. Criminal Docket or case number: **C121344CR and C131831CR**

3. Date of judgment of conviction: **Aug. 13, 2013 – TRIAL**
   **Nov. 13, 2013 - SENTENCING**

4. Length of sentence: **221 MONTHS**

5. Nature of offenses:
   **C121344CR**
   Count 1 – (dismissed)
   Count 2 – Deliv. Meth.ORS 475.890
   Count 3 – (dismissed)
   Count 4 – Deliv. Meth.ORS 475.890
   Count 5 – (dismissed)
   Count 6 – Using Child Disp.ORS 163.670
   Count 7 – Deliv. Meth.ORS 475.890
   Count 8 – Deliv. Meth.ORS 475.890
   Count 9 – S.Abuse II ORS 163.425
   Count 10 – S.Abuse II ORS 163.425
   Count 11 – Deliv.Meth.ORS 475.890
   Count 12 – S.Abuse II ORS 163.425
   Count 13 – Deliv.Meth.ORS 475.890
   Count 14 – S.Abuse II ORS 163.425
   Count 15 – Deliv.Meth.ORS 475.890
   Count 16 – S.Abuse II ORS 163.425
   Count 17 – S.Abuse II ORS 163.425

   **C131831CR**
   Count 1 – Using Child Disp.ORS 163.670
   Count 2 – S.Abuse II ORS 163.425
   Count 3 – Sod. III ORS 163.385
   Count 4 – Rap. III ORS 163.355

6. What was your plea? **NOT GUILTY TO ALL COUNTS.**

7. If you plead not guilty, what kind of trial did you have? **BENCH TRIAL.**

8. Did you testify at trial? **NO.**

Page 1 of 17 - Petition For Writ of Habeas Corpus by a Person in State Custody

## EXHAUSTION OF STATE REMEDIES

9. Did you directly appeal from the judgment of conviction? **YES – Nov. 5, 2013.**
   **(ZERO** time elapsed)

10. If you did appeal, answer the following:

    (a) Name of court: **Oregon Court of Appeals**
        **Supreme Court Building**
        **1163 State Street NE**
        **Salem, OR 97301-2563**

    (b) Docket or case number (if known): **A156074 (Control), and A156075.**

    (c) Result: **AFFIRM WITHOUT OPINION.**

    (d) Date of result and citation, if known: **Nov. 18, 2015 - 275 Or.App. 22.**

    (e) Grounds raised:

    **OPENING BRIEF** – by David O'Ferry;
    - Trial Court mis-instructed itself on ORS 163.670 or it
        mis-construed and mis-interpreted the law vaguely
        to unlawfully convict the defendant. Thus, conviction
        was unconstitutional.

    **SUPPLEMENTAL BRIEF** – by Edmund Enriquez;
    - Sentencing errors under criminal history, consecutive
        sentences, and "Vertical Proportionality" (as defined in
        State v. Simonson) and remedied by ORS 161.705.
    - Conviction error under ORS 136.050 for doubt as to degree.
    - ORS 163.425 "Unconstitutionally Vague" for *inherent* observation.
    - Trial Court failed to acquit on the weight of evidence about
        the "Date" of the acts which proved defendant was not
        guilty on both material elements of "age" and of "date".
    - Trial Court allowed inadmissible evidence to unlawfully convict
        under DCS counts - ORS 475.890. This evidence was
        inadmissible: not on warrant; not on evidence list provided to
        defense; not in plain sight; no testimony to properly admit it;
        and, confusion about the Court's wording to admit evidence
        where both parties asked for clarification 3 times did not get it.

11. Did you seek further review by a higher state court? **YES – Feb. 18, 2016.**
    **(ZERO** time elapsed)

    (a) Name of court: **Oregon State Supreme Court**
        **Supreme Court Building**
        **1163 State Street NE**
        **Salem, OR 97301-2563**

Page 2 of 17 - Petition For Writ of Habeas Corpus by a Person in State Custody

|     |     |                                                                                                                                                                                   |
| --- | --- | --------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
|     | (b) | Docket or case number (if known): **S063764.**                                                                                                                                    |
|     | (c) | Result: **REVIEW DENIED.**                                                                                                                                                        |
|     | (d) | Date of result and citation, if known: **Feb. 18, 2016 - 358 Or. 611.**                                                                                                           |
|     | (e) | Grounds raised:                                                                                                                                                                   |

**OPENING BRIEF** – by David O'Ferry;
- Trial Court mis-instructed itself on ORS 163.670 or it
    mis-construed and mis-interpreted the law vaguely
    to unlawfully convict the defendant.

**SUPPLEMENTAL BRIEF** – by Edmund Enriquez;
- (Re-submitted by Direct Appeal Counsel.)

12. Did you file a petition for certiorari in the United States Supreme Court? **NO.**
                                            **(Attorney failed to do this.)**

    (a) Result: **NA.**

    (b) Docket or case number (if known): **NA.**

    (c) Date of result and citation, if known: **NA.**

    (d) Grounds raised:

        **Would have raised same grounds as in State Court of Appeals and Supreme Court review, if the court appointed attorney had not failed.**

13. If you did not directly appeal from the judgment of conviction, explain briefly why you did not: **NA.**

### POST-CONVICTION RELIEF

14. Did you file a petition for state post-conviction relief? **YES – March 30, 2016**
                                              **(ZERO time elapsed)**

    (a) Name of court: **Malheur County Courthouse**
                               **251 B Street W, Box 3**
                               **Vale, OR   97918**

    (b) Docket or case number (if known): **16CV0132C.**

    (c) Nature of proceeding: **Petition for Post-Conviction Relief.**

    (d) Did you receive an evidentiary hearing? **YES.**

Case 2:21-cv-00359-SI   Document 2   Filed 03/08/21   Page 4 of 17

Page 4

    (e)    Result: **All claims relief denied, <u>State conceded to key facts *if* proved.</u>**

    (f)    Date of result and citation or case number, if known: **Nov. 10, 2017.**
                                                                                                                                                                                                                           **(16CV0132C)**

    (g)    Grounds raised: **(Listed Below – copied from <u>Enriquez's</u> PCR Petition.)**

            CLAIM 1 – Failure To Pursue Motion For Change Of Venue.
            CLAIM 2 – Failure To Pursue Perjury Committed By Witnesses.
            CLAIM 3 – Failure To Argue Contamination Of Witness Testimony.
            CLAIM 4 – Failure To Object To Inadmissible Statements & Evidence.
            CLAIM 5 – Failure To Pursue Issue Of Falsified Drug Evidence.
            CLAIM 6 – Failure To Pursue Brady Violations (prosecution misconduct).
            CLAIM 7 – Failure To Present Defense As Specifically Instructed To.
            CLAIM 8 – Failure To Review Entire Discovery With Petitioner.
            CLAIM 9 – Failure To Motion To Compel Discovery.
            CLAIM 10 – Failure To Controvert Search And Seizure Warrant.
            CLAIM 11 – Failure To Argue Against Insufficient Hearsay Notice.
            CLAIM 12 – Failure To Demurrer Indictment.
            CLAIM 13 – Failure To Argue Doubt As To Degree Issue.
            CLAIM 14 – Failure To Pursue Civil Compromise.
            CLAIM 15 – Failure To Fight Individual Charges.
            CLAIM 16 – Failure To Fight Irrelevant and Prejudicial Evidences.
            CLAIM 17 – Failure To Adequately Fight "The Date" Issues.
            CLAIM 18 – Failure To Obtain Expert Witness Defendant Requested.
            CLAIM 19 – Failure To Discover Exculpatory Evidence As Instructed.
            CLAIM 20 – Failure To Motion For Mistrial When Charges Dismissed.
            CLAIM 21 – Failure To Pursue Mitigating Factors.
            CLAIM 22 – Failure To Fight Conspiracy To Falsely Convict.
            CLAIM 23 – Failure To Object When Bench Improperly Instructed Itself.
            CLAIM 24 – Failure To Object To Illegal Or Unconstitutional Sentences.
            CLAIM 25 – Failure To Object To Police Officers As Expert Witnesses.
            CLAIM 26 – Unconstitutionality ORS 163.425 Under ORS 138.530(1)(d).
            CLAIM 27 – Unconstitutionality ORS 163.670 Under ORS 138.530(1)(d).
            CLAIM 28 – Failure Of Direct Appeal Attorney To Fight Date Issue.

            **Note: PCR Attorney Lemarr Carver was <u>Ineffective Assistance</u>, failed to enter most of the claims, had a serious drug and alcohol problem, murdered his wife and committed suicide, documented in the media.**

**15.**    Did you appeal the result of your state post-conviction proceeding? **YES.**

    (a)    Name of court: **Oregon Court of Appeals**
                                      **Supreme Court Building**
                                      **1163 State Street NE**
                                      **Salem, OR  97301-2563**

Case 2:21-cv-00359-SI   Document 2   Filed 03/08/21   Page 5 of 17

Page 5

(b)    Docket or case number (if known): **A166535.**

(c)    Result: **AFFIRM WITHOUT OPINION.**

(d)    Date of result and citation or case number, if known: **Nov. 27, 2019.**

(g)    Grounds raised:

**OPENING BRIEF – by Lindsey Burrows;**
- **Only Witness Contamination Claim #3, raised by Appeal Attorney, against Petitioner Enriquez's demands to enter ALL claims, <u>Ineffect Assistance</u> of Appeal Attorney.**

**SUPPLEMENTAL BRIEF – by Enriquez;** - (same claims as in PCR.)

16.    Did you seek further review of the decision by a higher state court? **YES.**

(a)    Name of court: **Oregon Supreme Court**
                               **Supreme Court Building**
                               **1163 State Street NE**
                               **Salem, OR 97301-2563**

(b)    Result: **REVIEW DENIED.**

(c)    Date of result and citation, if known: **June 24, 2016.**

(d)    Grounds raised: **Same Grounds as above Court of Appeals case.**

17.    If you did not appeal from the adverse decision in your State Post-Conviction or State Habeas Corpus proceeding, explain briefly why you did not: **NA.**

## HABEAS CORPUS – GROUNDS FOR RELIEF

18.    **Repeated from Enriquez's PCR Petition: (Claims in bold see note at end.)**
<u>CLAIM 1 – Failure To Pursue Motion For Change Of Venue</u>.
           Defense Counsel failed to Motion for Change of Venue, accuser's family was very well known in the community and owners of three popular restaurants where police regularly took lunch breaks. The Foley/Lawson family was also very close personal friends of *Presiding* Judge Thomas Kohl who was overseeing the case until he was removed at the last minute before trial. Both the Kohl and Foley/Lawson families considered each other as family, having both lost daughters around the same time, and raised each others' children, who were best friends, played together, and went to the same schools and churches. The initial responder's report documents both families working together to persecute Enriquez, and nearest Multnomah County declined prosecution for lack of evidence

**CLAIM 2 – Failure To Pursue Perjury Committed By Witnesses.**

The State's witnesses clearly committed perjury on the stand several times and Defense Counsel failed to make it known to the Court. Specifically; GF's drug accusations differed greatly from her statements in Grand Jury, and in her initial interviews; GF testified that she never accepted a ring from Enriquez, but she was clearly wearing it in the video of her interview, which was recorded months after her last seeing Enriquez; GF lied about an alleged all black photograph in Enriquez's cell phone, which was simply a black desktop wallpaper for a Smart Phone, while statements in her initial interviews was that *she* took photograph[s] on *her* iPod but they were never found; GF testified about an inappropriate picture of Enriquez submitted into evidence that was allegedly sent to her, but it in fact came from Enriquez's iPod that she stole from him; GF lied to say Enriquez had delivered psychedelic mushrooms, when her statements in her initial interview was that they were given to her by her friend Katie, and where GF had a history of being busted at Wilson High School selling Marijuana to a friend Maddy but blaming *her* of delivery, and while GF also accidentally admitting she gave the same mushrooms to Maddy; CC testified to an "October 2011" date of incident but then changed her testimony to "October 2010", when her previous statements were documented as being October 2011. That one year difference mitigates the entire case down to Misdemeanors, not Felonies. Enriquez was wrongly convicted for the drug – DCS counts where there was NO evidence at all and NO corroboration. Enriquez was wrongly convicted of Felonies where the actual date would have proven Misdemeanor lesser-included charges Total impeachment of lying witnesses should've dismissed the entire case

**CLAIM 3 – Failure To Argue Contamination Of Witness Testimony.**

Detective Tarkalson clearly violated Oregon Interviewing Guidelines (OIG) protocol which caused witness contamination to corrupt testimony. A review of his DPSST training records shows no training at all on OIG protocols. Specifically, Tarkalson testified to interrogating GF for 45 minutes in an interview room with her mother, Opal Lawson, present and with another large male, detective Cook, present. This interrogation tactic is specifically defined in the OIG as <u>contamination</u> – in no uncertain terms. Tarkalson suspiciously failed to record GF's interrogation as required by Washington County Sheriffs Office standard operating procedure, in order to conceal his tampering with the witness. Tarkalson also re-interviewed GF a total of 13 times, expressly prohibited by the OIG for causing contamination. Specifically, GF was taken to the State Computer Crime Lab to go through Enriquez's computer and cell phone files to find alleged evidence. <u>None was found</u>. CC refused to speak to police at first, so Tarkalson pressured GF to call CC *repeatedly* in order to pressure CC to testify, and GF told CC what to say. Protocol says to leave refusals alone. GF was also interviewed giving police emails between her and Enriquez, *with exculpatory dates*, but those emails are missing. GF's <u>testimony was tampered</u>/immunity deals for testimony – see Claim 22.

CLAIM 4 – Failure To Object To Inadmissible Statements & Evidence.
Prosecution did many things that caused unfair prejudice in the trial, but trial counsel failed to object. When CC testified to an incident occurring in "October 2011", the prosecutor on redirect coached her to lie and change her testimony to "October 2010", in spite of the fact that he knew her previous statements in a Cares report confirmed October 2011. This report also shows CC has dyslexia and so the prosecutor took advantage of her disability to confuse her. This one year difference mitigates the entire case down to Misdemeanors. Also, the prosecutor admitted an inappropriate photograph of Enriquez, which held no probative value but was extremely prejudicial. No chain of custody was proven, the photograph came from Enriquez's iPod that GF had stolen, Apple accounts automatically load user photos between devices of the same owner profile whenever the device comes into WiFi signal range, so this image was not intentionally loaded onto the iPod, nor was it associated with any criminal charge. Also, the prosecution admitted capsules/pill bottle exhibit into evidence, when there was no such evidence authorized by the Warrant, nor was this exhibit listed on the evidence list provided to defense, otherwise Enriquez could have developed this defense. These capsules and a pacifier where not in plain sight, nor were they illegal contraband or used in a crime because no drug charges existed at the time of the Warrant. This search was essentially a "sneak and peek" illegal search and seizure. Finally, prosecution admitted DNA evidence from an adult toy object found in a second bedroom used as a storage room, inside a sealed box, which was inside a trunk, underneath a stack of boxes, because Enriquez had just moved into this apartment and had still not finished unpacking. GF's statements in the affidavit was that these objects "would be easy to find, all in a bucket, sitting underneath the window in his bedroom." None of these details were true. The DNA evidence proved nothing, had no probative value, and was extremely prejudicial. The allegations were that many of these objects were used on or by GF, but only one had her DNA on it, and Enriquez made statements that GF had snooped through boxes at the previous residence, found and used an object while he was at work, and thus would not be guilty of the offense, but counsel failed to object.

CLAIM 5 – Failure To Pursue Issue Of Falsified Drug Evidence.
The empty capsules inside an empty pill bottle, were actually used by Enriquez to make his own herbal remedies for back pains. Inside the same box were 2 other pill bottles filled with the exact same capsules, which contained Kratom, a legal herbal remedy, purchased in bulk, and pressed into the capsules by Enriquez. Police had no authorization to search for drug evidence, nor were capsules in plain sight, nor were there drug charges so capsules were not used in any crimes, but police deliberately ignored the herbal capsules which explained empty ones. Prosecution stipulated to *NOT* enter herbal capsules in trial, but they did so anyway by admitting the same capsules. The bench ruled the exhibit would *only* be admitted by testimony, no testimony of capsules or pill bottle occurred.

Page 7 of 17 - Petition For Writ of Habeas Corpus by a Person in State Custody

CLAIM 6 – Failure To Pursue Brady Violations (prosecutorial misconduct).
The very first report, the Heidtke/Mikkelson first responders report dated 06-05-12, said on the first page, in the fourth paragraph, that "when she (GF) ran away from home *last year* (2011) that she had been with Eddie." So the police and prosecutor clearly knew about the "missing persons" report, Washington County report 11-514325 occurring *Sept. 26, 2011 to Oct. 10, 2011*, which not only proved a mitigating fact that both GF and CC were 16 years of age, reducing the entire case to Misdemeanors instead of Felonies, but there were also impeachment statements by GF to a police detective that there were "no drugs" at Enriquez's apartment. GF's statements were taken while she was at a rehab center halfway house, where their "intake and *screening*" procedure included a drug screening test pursuant to Oregons Drug Endangered Child (DEC) protocol. GF's mother, Opal Lawson, entered her into the rehab center immediately upon returning home from running away, after Opal had called in a missing persons report to police, accusing GF of prostitution and dealing drugs. Portland police detective Timothy D Pahlke who interviewed GF was a drug and vice detective, specifically called because of Opal's accusations. Thus, it was his duty to follow DEC protocols, which included a drug test, testing clean of any drugs, as known by Enriquez because he did not provide drugs, but also because GF complained to Enriquez about how crazy her mother's accusations were. However, this report and only such exculpatory reports were withheld by prosecution, because this evidence destroyed their case. The drug test evidence is still missing and other exculpatory reports and evidence have since been discovered withheld.

CLAIM 7 – Failure To Present Defense As Specifically Instructed To.
Enriquez wrote many letters to trial counsel, Erik Bucher, repeatedly demanding specific tactics as a defense to be done, but Bucher ignored these demands, which are now proven to be relevant and would have made a substantial difference. For examples; Enriquez challenged the application of the Display statute, and demanded the Court to be instructed by providing the legislative minutes in Senate Bill 375 (SB375-1985), but Bucher failed to provide SB375 until it was too late at sentencing. Now, the Court of Appeals overruled the exact same application as Enriquez's conviction, using the exact same SB375 minutes and reasoning, so had Bucher applied this defense, Enriquez would have been acquitted; Also, Enriquez demanded a motion for lesser-included misdemeanors, but for that mitigation to be valid, the defense proving October 2011 was required and Bucher refused to find the "custody reports" Enriquez was demanding because he knew GF was taken into "custody" at the rehab halfway house. Had Bucher found report 11-514325, the mitigating age would have been proven, enabling the lesser-included motion, and as a side effect, the drug test and impeachment statements would have been discovered; Finally, Enriquez had challenged the application of Second Degree Sexual Abuse charges, where State v. Simonson (2011) had occurred in the same Court over a year prior to trial, which affected those convictions favorably.

Page 8 of 17 - Petition For Writ of Habeas Corpus by a Person in State Custody

CLAIM 8 – Failure To Review Entire Discovery With Petitioner.
Defense counsel Erik Bucher never took the time to review the entire discovery with Enriquez before trial. Only about half of the files and exhibits were examined. Specific details that were missed that could have been helpful include; CC's statement in her Cares report dated 10/12/12, where she said the incident occurred "about a year ago", which would have supported the defense's "October 2011" fact and would have blocked the prosecution from coaching CC to lie and say "October 2010", after which Enriquez was convicted of the October 2010 date; Review of the Heidtke/Mikkelson initial responders report would have revealed GF's statements about running away, where Bucher has since declared he did not know about the missing persons report until her trial testimony, but the fact was out in the open in that report; there are other reports as well.

CLAIM 9 – Failure To Motion To Compel Discovery.
Enriquez knew about the "Custody Reports" where GF had been arrested for shoplifting multiple times as well as being sent to the rehab halfway house by her mother. These incidents were known because Enriquez had witnessed GF complain to him about each event. So, Enriquez demanded in many letters to trial counsel, to Motion to Compel these reports, but Bucher refused to do so, and now these reports have since been discovered as withheld and exculpatory. Many reports/evidences are *still* withheld.

CLAIM 10 – Failure To Controvert Search And Seizure Warrant.
Enriquez demanded in many letters to trial counsel Bucher, that the Search and Seizure Warrant authorization was exceeded and violated by detective Tarkalson. There were no drug charges at the time of Warrant, nor were there any drug items listed in the list of items to search for and seize. The empty capsules, empty pill bottle, and pacifier, were not in plain sight, nor were they illegal contraband. Thus, the evidence was entirely inadmissible if only Bucher had Controverted the Warrant. Also, Tarkalson seized Enriquez's vehicle, where it was only authorized to be searched for the tangible items, computers, cell phones, digital storage devices, etc., listed in the Warrant. Tarkalson took the car without authorization then had the vehicle towed away and sold or destroyed within 24 hours after Enriquez's arrest without giving him notice, so that the property was lost or stolen.

**CLAIM 11 – Failure To Argue Against Insufficient Hearsay Notice.**
Prosecution is required by OEC 803(18a)(b) to provide defense with a hearsay notice at least 15 days before trial that includes a statement of particulars. Here, the prosecution had "patently" failed to provide the sufficient "statement of particulars" to defendants for decades, according to the landmark case State v. Chase (2011), which was two years before trial. There were other identical case laws for years before that, and many many more after that. Defense counsel refused to challenge the hearsay notice on the record saying he did not need the particulars, but there was no downside to the challenge, *only* the upside of blocking that evidence.

Page 9 of 17 - Petition For Writ of Habeas Corpus by a Person in State Custody

CLAIM 12 – Failure To Demurrer Indictment.
Enriquez demanded in many letters to trial counsel Erik Bucher, to Demurrer the indictment against the Display charges being overbroadly applied outside of the legislative intent of the law. Bucher refused to challenge the application of the law before trial, and Enriquez was convicted of both Display counts. However, since then the Oregon Court of Appeals has overruled the same application of the law as in this case. Enriquez also demanded to Demurrer against the First Degree Rape counts for lack of the forcible compulsion and incapacitation elements. Enriquez was acquitted of those 2 counts, dismissed by the prosecution itself, so had Bucher Demurred those counts before trial, he could have focused on the Display counts in trial to acquit those, and the Second Degree Sexual Abuse counts to lesser-included Misdemeanors resulting in no prison time.

CLAIM 13 – Failure To Argue Doubt As To Degree Issue.
There is no element difference in this case between Second Degree and Third Degree Sexual Abuse elements. ORS 136.050 states that where there is no element difference, then defendants can only be convicted of the lesser degree offense, in this case the Third Degree is a Misdemeanor offense with no prison sentence, to replace most Second Degree charges. Enriquez demanded this defense tactic, Bucher refused to apply it. Failure to motion for lesser-included has since been ruled Ineffective Assistance.

CLAIM 14 – Failure To Pursue Civil Compromise.
The Civil Compromise statute ORS 161.705, states that a Class C Felony such as Second Degree Sexual Abuse can be reduced to Class A Misdemeanor, under the same circumstances in this case, and under the 3 Rodriguez/Buck factors relevant in this case. Enriquez demanded this tactic be applied to reduce ALL Sexual Abuse counts to Misdemeanors, but Bucher refused to apply it. Failure to motion for lesser-included has since been ruled Ineffective Assistance.

CLAIM 15 – Failure To Fight Individual Charges.
Of all the Second Degree Sexual Abuse charges, some of them can easily be proven that Enriquez is not guilty, but Bucher did not focus on any individual counts, instead only focusing on the larger counts and giving no consideration to the overall innocence of his client. The details of which specific counts can be defeated are withheld here in case of retrial.

CLAIM 16 – Failure To Fight Irrelevant and Prejudicial Evidences.
Defense counsel Erik Bucher failed to object to; an inappropriate photograph which had nothing to do with any specific charge; GF made many statements about hundreds of unspecific and uncharged incidents, an impossible number; GF spoke of evidences that either did not exist, or that were easily proven impossible; GF claimed use of a ball gag, which was not a ball gag at all, but was a rubber ball that was too big to fit in her mouth; GF spoke of a rope that did not exist.

Page 10 of 17 - Petition For Writ of Habeas Corpus by a Person in State Custody

**CLAIM 17 – Failure To Adequately Fight "The Date" Issues.**

Enriquez reported in many letters to defense counsel Erik Bucher that All the charged incidents had occurred in October 2011 and later, meaning specifically, that both GF and CC had turned 16 years of age. This in turn meant that there is no difference in elements between the charged crimes of Second Degree Sexual Abuse, a Class C Felony, and the lesser-included Misdemeanors, Third Degree Sexual Abuse and Sexual Misconduct. This also meant that Enriquez is not guilty of the Third Degree Rape and Third Degree Sodomy Charges where those crimes have age element "under16". The State has since conceded Enriquez is "not guilty of those crimes", but they omit the lesser-included effect on the Second Degree Sexual Abuse. Further, at the time, Second Degree Sexual Abuse had a crime seriousness score of CS7, but has since been reduced to CS6 on the federal sentencing grid, proving that Enriquez was over sentenced. However, even CS6 is too high because Third Degree Rape and Third Degree Sodomy are rated CS6 for offenses with "under 16", while the age element "under 18" is a less serious offense. The Misdemeanors mentioned are "under 18" offenses rated at CS4, the same offense under Second Degree Sexual Abuse is CS6. Erik Bucher refused Enriquez's demands to fight this Date/Age element issue, and as a result the convictions and sentences are excessive.

CLAIM 18 – Failure To Obtain Expert Witness Defendant Requested.

Enriquez demanded in many letters to Erik Bucher to get expert witnesses, in order to rebut the State's expert witnesses and polices officers acting as expert witnesses when they clearly were not. These letters listed specific names and subject matters. Specifically; a drug expert was demanded because Enriquez knew GF was lying about the drug accusations, and at trial, Officer Verboort acted like a drug expert testifying about the medical effects of drugs on the human body, but a review of his DPSST training records shows no such medical training; Officer Tarkalson testified as an electonics expert, but his DPSST training record shows no electronics training, nor any computer forensics training, yet he spent the first 16 pages of his affidavit claiming that he is a computer expert. At booking Tarkalson asked Enriquez for passwords to his computer, but when Enriquez told Tarkalson he didn't need any passwords because he was just going to access the hard drive through DOS, Tarkalson didn't even know what DOS meant. An Electronics and computer expert would have totally impeached everything Tarkalson said in trial and in his affidavit; Another valuable expert witness would have been on the Oregon Interviewing Guidelines, because of all the witness contamination and tampering that Tarkalson had caused; Erik Bucher refused to get any expert witnesses.

**CLAIM 19 – Failure To Discover Exculpatory Evidence As Instructed.**

Enriquez demanded in many letters, that defense counsel obtain "custody reports" for every time GF was arrested, because those police reports have dates to prove an exculpatory timeline. Report 12-516763 showed emails, with exculpatory dates, but Erik Bucher refused to obtain these items.

CLAIM 20 – Failure To Motion For Mistrial When Charges Dismissed.
Halfway through trial, after GF had testified and admitted that there was no forcible compulsion or incapacitation rape, the prosecutor himself dismissed both of the First Degree Rape charges against Enriquez, who immediately told defense counsel Erik Bucher to motion for a mistrial on the remaining charges, because the First Degree Rape charges represented more than half of a possible 60 year sentence, and Erik Bucher had spent ALL of his effort focusing *only* on those Rape charges. Had a mistrial been granted, the defense could have focused on the remainder of the case and with a good possibility of little or no prison time, but since the case continued without attention on the remainder of the case, Enriquez was wrongfully convicted of all the remaining charges.

CLAIM 21 – Failure To Pursue Mitigating Factors.
Oregon law and the sentencing grid provide a list of enumerated mitigating factors, but also allow for non-enumerated mitigating factors. The mitigating factors were meant to apply to the excessive sentences, especially for the Second Degree Sexual Abuse counts, which have since been changed to a less serious offense by law, but Enriquez is still serving sentences at the higher overruled crime seriousness. Had Erik Bucher raised this issue, those sentences would have been reduced because there was already a case from the same court a year prior that changed the crime seriousness, State v. Simonson (2011), and progeny State v. Burge (2012), and State v. Decamp (2012), all these are legally indistinguishable cases.

CLAIM 22 – Failure To Fight Conspiracy To Falsely Convict.
GF's family, the Foley/Lawson family, was very close with the Kohl family, and they raised each others' children, who were best friends and went to the same schools and churches together, according to an email between Opal Lawson and the prosecutor which was withheld until the last minute before trial. Both families had lost daughters around the same time. Judge Thomas Kohl was the presiding judge in Washington County, and his wife was a Forest Grove police officer. The first call Opal Lawson made was several towns away to Theresa Kohl. Together they conspired on how to attack Enriquez by starting this case. The initial responders report spends a substantial amount of time explaining this collusion between the two crusading women, and how Opal Lawson went around to interrogate Enriquez's neighbors even though she was not trained as an investigator. Follow up police reports document how the neighbors did not know or see any illegal activity by Enriquez, but later after Opal's contamination, had suspicions. Opal Lawson owns three popular restaurants where local police often take lunch breaks so the Lawson family is well known by the detectives in this case. Judge Kohl tried to oversee this case until he was recused right before trial, after unknown contamination had occurred. Judge Kohl was later removed from the bench by Governor Kate Brown for such corruption. CC's father was also a manager at DHS. Bucher refused to raise any of this issue.

CLAIM 23 – Failure To Object When Bench Improperly Instructed Itself.
The prosecution's legal theory of guilt on the Display charges was that each of the victims was also the observer element over the other victim during the sexual acts, and the prosecutor provided State v. Tyson (2011) in order to advance this specific theory. Erik Bucher successfully argued that the victims were already that element of the crime and couldn't also be the observer element as a criminal element of the crime. Judge Wipper abused her discretion, instead of finding Enriquez not guilty of the theory that prosecution advanced, she entered her finding of a totally different theory, that Enriquez was the observer element, a theory that prosecution had not made. Erik Bucher failed to object or do anything to challenge this new theory. Since then, the Oregon Court of appeals has overruled convictions under these circumstances, defining them as "incidental observations" outside the scope of Display law, and overbroad application. In other words, these two convictions have been ruled unconstitutional.

CLAIM 24 – Failure To Object To Illegal Or Unconstitutional Sentences.
Defense counsel failed to object to the first 140 months of Measure 11 Mandatory Minimum Sentences as being unconstitutional sentences. Pursuant to ORS 137.700, these Mandatory Minimum sentences are applied to "violent offenders" which is a term that is unconstitutionally vague according to recent case law. Trial Court counsel also failed to object to the excessive sentencing of 81 months on the remaining charges.

CLAIM 25 – Failure To Object To Police Officers As Expert Witnesses.
Officers Tarkalson and Verboort testified as expert witnesses when they were clearly not experts. Such testimony had been ruled as "vouching" for victims and prosecution, and has been banned by State v. Southard (2008). Had defense counsel Erik Bucher objected, it is highly likely the DCS charges at the very least would have been dismissed, for lack of evidence.

CLAIM 26 – Unconstitutionality ORS 163.425 Under ORS 138.530(1)(d).
Defense counsel Erik Bucher refused to raise any challenge to the constitutionality of Second Degree Sexual Abuse, which has since had several cases rule against the statute or its sentence. However, this challenge to the constitutionality of ORS 163.425 does not require ineffective assistance of counsel, but such a challenge is authorized directly by ORS 138.530(1)(d). In this challenge, Enriquez contends that the statute is unconstitutionally vague for lack of an age element and a vague application of the phrase "does not consent". Here in this case, the prosecution charged ORS 163.425 without an age element to burden shift on to the defense to prove the age element. In trial, defense indeed had proved age 16, not 15, but without an age element, the prosecution simply coached a witness to lie on the stand, and change her testimony to create confusion and convict Enriquez without lesser-included convictions to which he is entitled. This burden shifting in unconstitutional, and is only possible where prosecution is unbridled to decide the scope of the law.

Page 13 of 17 - Petition For Writ of Habeas Corpus by a Person in State Custody

CLAIM 27 – Unconstitutionality ORS 163.670 Under ORS 138.530(1)(d).
Defense counsel Erik Bucher refused to raise any challenge to the constitutionality of Using a Child in a Display, ORS 163.670, which Enriquez had demanded the challenge to argue that the "culpable mental state" element was unconstitutionally vague especially as it relates to the "observer" element, pursuant to Requirements for Criminal Liability, ORS 161.095(2), which states, "a person is not guilty of an offense unless the person acts with a culpable mental state with respect to each material element of the offense that necessarily requires a culpable mental state." Since trial, the Oregon Court of Appeals ruled in State v. Clay (2019) that the same exact "incidental observations" as in Enriquez's case were in fact "unconstitutionally overbroad applications" of the law, using the exact same legislative history and legal reasoning that Enriquez had contended. Had Bucher made the challenge, Enriquez would have been acquitted.

CLAIM 28 – Failure Of Direct Appeal Attorney To Fight Date Issue.
After the criminal trial, direct appeal attorney, David O'Ferry, only argued one claim on behalf of Enriquez, even though Brady violations had clearly occurred. It was later discovered specifically that Washington County report 11-514325, had been withheld by the prosecution, which documented exculpatory dates, that the State has since conceded would have acquitted Enriquez of multiple charges. The same date/age element fact from that report would have also mitigated the entire case down to lesser-included Misdemeanors with no prison sentence. Report 11-514325 has also been discovered to contain impeachment statements against the prosecution's only witness to the DCS charges, where GF stated there was "no drugs" at Enriquez's apartment. Additionally, there was a drug test - clean result, that would prove GF was not provided any drugs, supported by her impeachment statements. The test result and impeachment statements were exactly the opposite of what GF testified to in trial. Her lies are likely the result of Witness Contamination and/or Witness Tampering from GF being offered non-prosecution deals for her multiple shoplifting cases and prostitution case, for which there has been no cases what so ever pursued by Washington County District Attorney in spite of many Felony arrests and charges made, proving some kind of special leniency was given to her. All of this had occurred in this case, yet the direct appeal attorney refused to investigate the matter or enter any kind of claim to provide any kind of effective assistance on appeal. Direct appeal attorney, David O'Ferry, could also have entered other claims, but instead, Enriquez had to enter a supplemental brief.

**Note:** PCR attorney, Lemarr Carver, only presented 3 claims to the PCR court, ignoring an Order by the court to enter additional claims. Lemarr Carver was ineffective assistance of counsel because at the same time of handling Enriquez's case, he was having serious troubles with drugs and alcohol, ending in the murder of his own wife, then committing suicide, as documented in the media. **Enriquez is currently in SUBSEQUENT PCR, in order to pursue ALL claims.**

Page 14 of 17 - Petition For Writ of Habeas Corpus by a Person in State Custody

## OTHER INFORMATION

**19.** Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? **NOT YET.**

If your answer is "No", state which grounds have not been so presented and give your reason(s) for not presenting them: **ONLY claims 3, 11, 17, and 19 were addressed, although not presented in the same way, but the reason why ALL claims were not presented was ineffective assistance of PCR counsel for being a drug addicted drunk who murdered his wife and then killed himself. The matter was brought to the attention of a Judge in subsequent PCR, and ALL remaining claims plus a couple of new claims based on newly discovered evidence and new law are being adequately presented by a competent attorney. The two constitutional challenge claims, 26 and 27, were raised in U.S. District Court as §1983 claims, but those cases were dismissed without prejudice, with the Judge inviting those cases to return after prevailing in State court.**

(b) Is there any ground in this petition that has not been presented in some state or federal court? **NO.**

If so, identify which ground(s) have not been presented, and state your reasons for not presenting them: **NA.**

**21.** Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing: **NONE.**

(b) At arraignment and plea: **NO ATTORNEY YET at this point, but an unknown Metropolitan Public Defender had appeared to represent an entire group of people.**

(c) At trial: **Metropolitan Public Defender, Sara Snyder – DECEASED, was the first attorney, quit for conflict of interest, then her husband, Kevin Leike, was assigned for one day, but he wrote "THIS IS BULLSHIT!" on the assignment paper and mailed it to me right before quitting. Finally, private practice, ODAC attorney Erik Bucher was assigned, he is currently a Washington County Judge.**

(d) At sentencing: **Erik Bucher, OSB 002166, 101 SW Washington St. Hillsboro, OR 97123    503.693.8725**
(Possibly outdated contact info?)

Page 15 of 17 - Petition For Writ of Habeas Corpus by a Person in State Custody

    (e)    On appeal:    **Office of Public Defense Services, David O'Ferry**
**1175 Court Street NE**
**Salem, OR  97301-4030    503.378.3349**
(David O'Ferry possibly retired?)

    (f)    In any post-conviction proceeding:    **Lemarr Carver – deceased.**

    (g)    On appeal from any adverse ruling in a post conviction proceeding:
**O'Connor Weber attorney, Lindsey Burrows,**
**1500 SW First Ave., Suite 1090**
**Portland, OR  97201    503.226.0923**
(Offices moved, this might be new address?)

**22.**    Is this the first *federal* petition for writ of habeas corpus challenging this conviction?    **YES.**

    (a)    If no, in which court was the prior action filed?    **NA.**

    (b)    What was the prior case number?    **NA.**

    (c)    Was the prior action decided on the merits, or dismissed on procedural grounds.    **NA.**

    (d)    Date of the decision:    **NA.**

    (e)    Are there any issues in this petition raised in the prior petition?    **NO.**

    (f)    If the prior case was denied on the merits has the Ninth Circuit Court of Appeals given you permission to file this successive petition?    **NA.**

\*\*\*If the answer is "yes,"\*\*\* you *must* attach a copy of the order received from the Ninth Circuit Court of Appeals.

**23.**    Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?    **NO.**

    (a)    If so, give the name and location of the court which imposed the sentence to be served in the future:    **NA.**

    (b)    Give the date and length of sentence to be served in the future:    **NA.**

    (c)    Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?    **NA.**

24. **TIMELINESS OF PETITION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statue of limitations as contained in 28 U.S.C. 2244 (d) does not bar your petition: **ITS NOT LATE.**

**25.** Date you are mailing this petition to the court: **MARCH 5, 2021.**
**(One-year expires July 24, 2021.)**

WHEREFORE, petitioner prays that the court will grant such relief to which he or she may be entitled to in this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody.

_____Eddie Enriquez_____
Signature

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully submitted this 5th day of March, 2021.

_____Eddie Enriquez_____
EDMUND ENRIQUEZ - *Petitioner*

SRCI – Edmund Enriquez
SID# 13217607
777 Stanton Blvd.
Ontario, OR  97914

Page 17 of 17 - Petition For Writ of Habeas Corpus by a Person in State Custody